IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Shyboo A. Shydiq,
     Plaintiff,

v.                                              1:11cv394 (GBL/TCB)

Dr. John Harler, et al.,
     Defendants.

FILED
FEB 1 3 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

This Matter comes before the Court upon review of plaintiff's amendments to his initial complaint. Plaintiff Shyboo Abdullah Shydiq was a Virginia inmate when he filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, endangerment, and use of excessive force. Plaintiff subsequently noticed a change of address to a private residence in Richmond. After reviewing plaintiff's complaint and amendments, as well as exhibits plaintiff has supplied, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

## I.

In his initial complaint, plaintiff alleged that he underwent orthopedic surgery on his right shoulder on November 23, 2010.  When plaintiff was arrested for a probation violation on December 24, 2010, he informed the nurse who screened him during the booking process that he was still experiencing "excruciating post-op inflammation" as a result of the surgery, but he nonetheless was assigned to a non-medical general classification dayroom. Plaintiff alleges that because he was "physically compromised," this assignment placed him in "potential danger" and violated his constitutional rights. Plaintiff advised Deputies Dean Teufert and Ashley Ruby that he needed to speak to their superiors about his medical condition, because he was still using a sling to support his right arm, he needed psychotropic and pain medications, and he was in "dire straits."  However, on December 25, 2010, the deputies violently forced plaintiff to the floor, "snatching" his surgically treated arm behind his back as they did so.  Plaintiff was handcuffed behind his back as he lay on his stomach, and he "let out blood curdling high pitch screams that could have waked the deceased" as a result. In addition, the deputies began to "stomp on" plaintiff, to the point that other inmates who witnessed the incident were shocked. To his dismay, however, plaintiff was charged with assaulting the two deputies, even though the deputies had criminally assaulted him and failed to contact their superiors to obtain assistance for plaintiff's "exigent medical need."  When the alleged assault ended, plaintiff was taken to the medical department for evaluation, and although the Director of Nursing acknowledged that she knew of his post-op condition, plaintiff was taken to the "security rubber room," where he was stripped naked and made to wear a "paper anti-suicide dress" for three days. Plaintiff then was relocated to the medical dayroom, "where [he] was suppose to have been housed in the first place."

Plaintiff named as defendants Conmed Health Management, the Henrico Sheriff's Office, Sheriff

Michael Wade, Deputies Dean Teufert and Ashley Ruby, and Dr. John Harler, and he sought an

award of monetary damages.

By Order entered May 5, 2011, defendants Conmed Health Management and the Henrico

Sheriff's Office were dismissed as parties to the action pursuant to 28 U.S.C. §1915A(b)(1),

because neither is a "person" amenable to suit under § 1983. See West v. Atkins, 487 U.S. 42

(1988). In addition, plaintiff was instructed as to deficiencies in the claims he asserted, and he

was allowed an opportunity to particularize and amend his allegations, to state a claim for which

§ 1983 relief is available.[2]

On May 10, 2011, plaintiff submitted an amendment to the complaint. Plaintiff alleged

that upon his arrest and screening by a "certified nurse's assistant," he stated that he had

undergone shoulder surgery a month before and remained in "excruciating pain," he still was sent

to a non-medical dayroom. Plaintiff alleges that his placement in the non-medical dayroom

constituted both deliberate indifference to his serious medical needs and endangerment, and he

names as defendants the unnamed certified nurse's assistant and the Director of Nursing at the

Henrico County Jail. Plaintiff reiterates without additional detail his claim in the initial

complaint that deputies Dean Teufert and Ashley Ruby applied excessive force in violation of the

Eighth Amendment, given that plaintiff had a sling on his arm and had been placed in the wrong

dayroom. Plaintiff states that he wishes to add the supervisor of Deputy Teufert and Deputy

Ruby supervisors as defendants to the action, because this unnamed individual allegedly directed

---

[2]Although plaintiff was cautioned in the May 5 Order that the amended complaint would serve as the sole operative complaint in the action, all of plaintiff's filings are being considered in this analysis, in deference to plaintiff's pro se status.

the deputies to place plaintiff in "the rubber room," where he was 'inappropriately" held for three

days. As a result, plaintiff alleges that he suffered emotional and mental trauma, and was denied

his psychotropic medications. Plaintiff lastly states that he wishes to "exclude" named defendants

Sheriff Michael Wade, ConMed Health Management, and Dr. Harler from the lawsuit.

Attached as exhibits to the amended complaint are copies of inmate grievances plaintiff

filed regarding the incident in question. On February 14, 2011, plaintiff wrote that he had

"repeatedly" requested treatment for his "reinjured" shoulder, which was "swollen" and

"throbbing." Plaintiff accused Dr. Harler of "ignoring" him, and asserted that he needed an MRI.

As relief, plaintiff requested to "be seen by Dr. Harler ASAP." On February 16, a response was

addressed to plaintiff which stated, "Called over to medical to see. N[urse] P[ractitioner] had to

refer to doctor. Already on medication 3 times a day." The following day, plaintiff addressed an

inmate appeal to the jail coordinator, stating that his arm had been "reinjured" by Deputies

Teufert and Ruby when he was handcuffed and on his stomach, "to the point that [he] ha[d] to be

sent out for another MRI." On February 24, the grievance coordinator responded, "This will be

reviewed and your file to medical doctor or NP to determine treatment needs."

On May 17, 2011, plaintiff filed a second amendment to the initial complaint. In it, he

identifies the supervisors of Deputy Teufert and Deputy Ruby as Lt. Walker Lewis and Sgt.

Davis Coria, respectively. Plaintiff alleges that these individuals had "direct knowledge" of his

assault by the deputies. In addition, plaintiff identified the nurse who screened him upon his

arrival at the Henrico County Jail as Nurse Oliver. Plaintiff alleges that Nurse Oliver was aware

that plaintiff was wearing a sling to support his right shoulder, but she failed to assign him to the

medical dayroom. Plaintiff reiterates his allegations that Deputies Teufert and Ruby used

4

excessive force in "snatching" his arm and thus reinjuring his right shoulder.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in

5

Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)).  Where a conflict exists

between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails."

Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc.,

936 F.2d 1462, 1465 (4th Cir.1991)).

III.

A. Excessive Force

  Plaintiff's central claim is his argument that Deputies Teufert and Ruby used excessive

force in violation of the Eighth Amendment when they forced plaintiff to the floor and

handcuffed him, causing him to suffer severe pain in his surgically-repaired right shoulder. As

plaintiff was advised in the Order of May 5, in determining whether a complaint states an Eighth

Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v.

Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use

force to cause harm, contemporary standards of decency always are violated ... whether or not

significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate

is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of

force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at

321, and because it may provide some indication of the amount of force applied. Wilkins v.

Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force

claim involving only *de minimis* injury is subject to automatic dismissal). The Eighth

Amendment generally excludes from constitutional recognition *de minimis* uses of physical

6

force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernable injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Here, taking all of plaintiff's allegations as true, he fails to state a claim that defendants Teufert and Ruby used excessive force in violation of his Eighth Amendment rights. Plaintiff alleges that the two deputies "snatched" his right arm behind his back while forcing him to the floor and applying handcuffs. Plaintiff also states that the two deputies "stomped on" him in the process. Despite the discussion provided in the May 5 Order, plaintiff does not address the reasons why this incident occurred in either of the amendments he subsequently filed. However, in the initial complaint, plaintiff states that he was charged with assaulting both deputies, and that afterwards he was confined in the "security rubber room" in a "paper anti-suicide dress" for three days. In the Court's view, while details may be lacking, these admitted circumstances are sufficient to indicate that force was not applied to plaintiff maliciously or gratuitously. Cf. Hudson, 503 U.S. at 7. Accordingly, plaintiff's claim that his rights under the Eighth Amendment were violated is subject to dismissal pursuant to § 1915A.

B. Endangerment

Plaintiff also appears to allege that his placement in a non-medical dayroom upon his arrival at the Henrico County Jail constituted endangerment. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners."

7

Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991).  To establish a § 1983 claim for failure to protect, a plaintiff must show: (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted); Odom v. S. C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).  As to the first prong, "[o]nly extreme deprivations are adequate," De'Lonta, 330 F.3d at 634; thus the deprivation must be "objectively, sufficiently serious." Odom, 349 F.3d at 770, quoting Wilson, 501 U.S. at 298. As to the second, prison officials must be shown to have exhibited "deliberate indifference" to the inmate's health or safety.  Farmer, 511 U.S. at 834.  A prison official shows deliberate indifference if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Saunders v. Buckner, 2008 WL 4104439 (E. D. Va. Aug. 28, 2008) at *6, quoting Farmer, 511 U.S. at 837.

       In this case, taking the allegations of the complaint and amendments as true, Hishon, 467 U.S. at 73, plaintiff fails to satisfy either prong of the requisite analysis of a claim of failure to protect. Plaintiff does not claim that he suffered any "serious or significant physical or emotional injury" at the hands of other inmates as the result of being placed in a non-medical dayroom, cf. De'Lonta, 330 F.3d at 634, nor do his allegations demonstrate that defendants exhibited "deliberate indifference" to plaintiff's safety by placing him there. Accordingly, plaintiff's claim of endangerment fails to state a claim for which relief can be granted, and will be dismissed pursuant to § 1915A.

C. <u>Denial of Medical Care</u>

The contours of plaintiff's claim of denial of medical care are not well defined. Factually, the claim appears to be based in part on plaintiff's placement in the non-medical dayroom upon his arrival at the jail, and partly on his failure to receive adequate care after his shoulder was reinjured.  However, even when the claim is interpreted as encompassing both of these circumstances, it does not state a claim for § 1983 relief.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976); <u>Staples v. Va. Dep't of Corr.</u>, 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Id.</u> at 105; <u>see also</u> <u>Staples v. Va. Dep't of Corr.</u>, 904 F. Supp. 487, 492 (E.D. Va. 1995).  Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted.  First, he must allege a sufficiently serious medical need. <u>See, e.g.</u>, <u>Cooper v. Dyke</u>, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); <u>Loe v. Armistead</u>, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).  Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." <u>Estelle</u>, 429 U.S. at 106; <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986);  <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990).  The prisoner must

9

demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

        Here, plaintiff has failed to satisfy either component of an actionable Eighth Amendment claim as to the denial of medical care. First, plaintiff has failed to demonstrate that the injury he suffered to his shoulder when defendants "snatched" his arm was sufficiently serious to support such a claim. A condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Here, while plaintiff states that his shoulder caused him to suffer severe pain, he never articulates the nature of the injury or condition itself. Such conclusory allegations fall short of showing that plaintiff suffered from a "condition of urgency" sufficient to trigger Eighth Amendment protection. Moreover, even if it is assumed in deference to plaintiff's pro se status that the pain in his shoulder satisfied the first component of an actionable Eighth Amendment claim, the exhibits he has provided clearly belie any suggestion that defendants were deliberately indifferent to that condition. According to the responses to plaintiff's grievances, which appropriately may be considered at this juncture, Gulf Ins. Co., 313 F. Supp. 2d. at 596, it can be fairly inferred that plaintiff received medication three times a day and apparently had at least one MRI as the result of the condition of his shoulder. Thus, plaintiff's own exhibits belie any actual intent to ignore his injuries or reckless disregard of his

10

condition. Cf. Miltier, 896 F.2d at 851.  Lastly, plaintiff's allegations concerning his belief that

he should have been placed in a medical rather than a non-medical dayroom upon his arrival at

the jail amount to no more than his own disagreement with personnel over his medical needs,

which does not make out a cause of action.  Wright, 766 F.2d at 849.  For these reasons,

plaintiff's claim of deliberate indifference to his serious medical needs will be dismissed

pursuant to § 1915A.

   D.  Supervisory Liability

   Finally, even if plaintiff otherwise stated an actionable claim, the two defendants he seeks

to add in the second amendment to the complaint, Lt. Walker Lewis and Sgt. Davis Coria,

would not be amenable to suit. Both defendants are identified only as the supervisors of deputies

Teufert and Ruby, so it appears that they have been named as defendants on the basis of their

supervisory positions.  Supervisory officials may be held liable in certain circumstances for the

constitutional injuries inflicted by their subordinates.   Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.

1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)).  This liability is not premised on

respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization

of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on

those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73).  "[L]iability

ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose

deliberate indifference permitted the constitutional abuses to continue unchecked.'"  Id. To

establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate
> was engaged in conduct that posed "a pervasive and unreasonable risk" of
> constitutional injury to citizens like the plaintiff; (2) that the supervisor's response

to that knowledge was so inadequate as to show "deliberate indifference to or tacit
authorization of the alleged offensive practices,"; and (3) that there was an
"affirmative causal link" between the supervisor's inaction and the particular
constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted).  Here, plaintiff offers no facts demonstrating that Lt. Lewis or Sgt.

Coria  had actual or constructive knowledge that subordinates were engaged in conduct that

posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff. Therefore, plaintiff

has stated no claim for § 1983 relief against them.

**IV.**

For the foregoing reasons, plaintiff's complaint will be dismissed pursuant to §

1915A(b)(1) for failure to state a claim.   An appropriate Order shall issue.

Entered this _13th_ day of _February_ 2012.

/s/
Alexandria, Virginia                              Gerald Bruce Lee
                                                  United States District Judge

12